IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHAUN DURAN, MONICA FISCHETTI
PALMIERI WILLIAMS, ERDEM YILDIZ,
CORAL GONZALEZ-INZA, and YOHANNA
GERGES, on behalf of themselves and others
similarly situated,

               Plaintiffs,          Federal Court Case No. 1:23-cv-00417

v.

                              State Court Case No. D-101-CV-2023-00698

NEW MEXICO DEPARTMENT OF
WORKFORCE SOLUTIONS, an executive
Agency, and SARITA NAIR, in her official capacity
As secretary of the New Mexico Department
of Workforce Solutions,
               Defendants.

**DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT FOR VIOLATIONS OF
CIVIL RIGHTS AND FOR DECLARATORY INJUNCTIVE RELIEF**

     **COMES NOW,** the Defendants, the New Mexico Department of Workforce Solutions

("NMDWS") and Cabinet Secretary Sarita Nair, by and through the Office of General Counsel,

and hereby answers the *Class Action Complaint for Violations of Civil Rights and for Declaratory*

*and Injunctive Relief* (the "Complaint") using the same paragraph numeration. Any allegation not

specially and expressly admitted herein is denied.

     1. Defendants admit the allegations set forth in Paragraph 1.

     2. Defendants deny the allegations set forth in Paragraph 2 and state that Bernalillo County

is the more appropriate venue pursuant to Section 38-3-1(G).

     3. Defendants lack sufficient knowledge or information to form a belief as to the truth of

the allegations in Paragraph 3 and, therefore, deny the same.

     4. Defendants admit the allegations set forth in Paragraph 4.

     5. Defendants admit the allegations set forth in Paragraph 5.

6. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegation in Paragraph 6 and, therefore, deny the same.

7. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegation in Paragraph 7 and, therefore, deny the same.

8. In response to the allegations of Paragraph 8, Defendants admit that Congress enacted the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and that the Act provided for several financial relief programs and initiatives intended to address the impact of the pandemic. With respect to the balance of Paragraph 8, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 8 and, therefore, deny the same.

9. Defendants admit the allegations set forth in Paragraph 9.

10. Defendants admit the allegations set forth in Paragraph 10.

11. Defendants admit the allegations set forth in Paragraph 11.

12. Defendants admit the allegations set forth in Paragraph 12.

13. Defendants admit the allegations set forth in Paragraph 13.

14. Defendants deny the allegations set forth in Paragraph 14 and demand strict proof thereof.

15. Defendants deny the allegations of Paragraph 15 in their entirety.

16. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegation in Paragraph 16 and, therefore, deny the same.

17. Defendants deny the allegations of Paragraph 17.

18. Defendants admit the allegations in Paragraph 18.

19. Defendants deny the allegations of Paragraph 19 in so far as it states or suggests that no reason for the changes was given.

20. Defendants deny the allegations of Paragraph 20.

21. With respect to the allegations of Paragraph 21, Defendants deny that NMDWS "required most claimants receiving unemployment benefits to reapply every three months," as this was a federal requirement not a state one. As to the remainder of the allegations in Paragraph 21, Defendants deny same.

22. Defendants deny the allegations of Paragraph 22.

23. Defendants deny the allegations of Paragraph 23.

24. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegation of Paragraph 24 and, therefore, deny the same.

25. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegation of Paragraph 25 and, therefore, deny the same.

26. In response to the allegations of Paragraph 26, Defendants deny that overpayments were due to "systemic mistakes" by NMDWS. Defendants also admit that PUA benefits were to be based on net income rather than gross income and on wages in the prior taxable year. As to the remaining allegations of Paragraph 26, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of these allegations and, therefore, deny the same.

27. With respect to the allegations of Paragraph 27, Defendants admit only that the Center on Law and Poverty sent the Department a letter opining about their perceptions of the Department's implementation of the pandemic programs. As to the balance of Paragraph 27, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27 and, therefore, deny the same.

28. In response to the allegations of Paragraph 28, Defendants admit that NMDWS sent determination notices informing claimants of their eligibility for benefits; however, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 28, and therefore, deny the same.

29. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 29 and, therefore, deny the same.

30. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 30 and, therefore, deny the same.

31. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 31 and, therefore, deny the same.

32. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 32 and, therefore, deny the same.

33. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 33 and, therefore, deny the same.

34. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 34 and, therefore, deny the same.

35. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 35 and, therefore, deny the same.

36. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 36 and, therefore, deny the same.

37. Defendants admit the allegations set forth in Paragraph 37.

38. Defendants admit the allegations set forth in Paragraph 38.

39. In response to the allegations of Paragraph 39, Defendants admit only that Congress granted states the authority to issue PUA waivers to claimants if they met the two requirements indicated. All other allegations in Paragraph 39 are denied, and strict proof is demanded thereof.

40. Defendants admit the allegations set forth in Paragraph 40.

41. Defendants admit the allegations set forth in Paragraph 41.

42. Defendants admit the allegations set forth in Paragraph 42.

43. Defendants admit the allegations of Paragraph 43 to the extent only that a letter of the same, stated date was sent to NMDWS detailing various groups' or individuals' perceptions regarding NMDWS's implementation of the PUA waiver.  Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 43 and, therefore, deny the same.

44. With respect to the allegations of Paragraph 24, Defendants admit that the Department sent notices to people regarding waivers for PUA overpayments but deny the remainder of the allegations in that paragraph.

45. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 45 and, therefore, deny the same.

46. Defendants admit the allegations set forth in Paragraph 46.

47. Defendants admit the allegations set forth in Paragraph 47.

48. With respect to the allegations in Paragraph 48, Defendants admit that the Department sent out the described notice but deny the remainder of the allegations in that paragraph.

49. Defendants deny the allegations contained in Paragraph 49.

50. Defendants deny the allegations of Paragraph 50.

51. Defendants admit the allegations of Paragraph 51.

52. Defendants admit the allegations set forth in Paragraph 52.

53. Defendants admit the allegations set forth in Paragraph 53 only to the extent that Defendants issued the described public announcement.  Defendants deny all other allegations set forth in Paragraph 53.

54. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 54 and, therefore, deny the same.

55. Defendants admit the allegations set forth in Paragraph 55.

56. Defendants admit the allegations set forth in Paragraph 56.

57. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 57 and, therefore, deny the same.

58. Defendants deny the allegations of Paragraph 58.

59. Defendants deny the allegations of Paragraph 59.

60. Defendants deny the allegations of Paragraph 60.

61. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 61 and, therefore, deny the same.

62. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 62 and, therefore, deny the same.

63. Defendants admit the allegations set forth in Paragraph 63.

64. In response to the allegations of Paragraph 64, Defendants admit only that NMDWS issued an eligibility determination to Shaun Duran ("Duran") in April 2020 awarding him PUA benefits and that the notice indicated that the determination was based on self-employment wages of $49,010.00. All other allegations in Paragraph 64 are denied.

65.  Defendants admit the allegations set forth in Paragraph 65.

66. In response to the allegations of Paragraph 66, Defendants admit only that the eligibility determination explained how the claimant could appeal the determination. All other allegations in Paragraph 66 are denied.

67. With respect to the allegations in Paragraph 67, Defendants admit only that quarterly reapplication was a federal requirement which the Department was obligated to uphold. All other allegations in Paragraph 67 are denied.

68. In response to the allegations of Paragraph 68, Defendants admit only that NMDWS issued a monetary redetermination to Duran on May 28, 2020, that Mr. Duran did not have gross wages of $1,781 in 2019, and that the determination stated that responses to the determination would place a hold on Mr. Duran's claim until investigated. All other allegations in Paragraph 68 are denied, and strict proof is demanded thereof.

69. Defendants admit the allegations of Paragraph 69.

70. Defendants admit the allegations set forth in Paragraph 70.

71. Defendants admit the allegations set forth in Paragraph 71.

72. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 72 and, therefore, deny the same.

73. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 73 and, therefore, deny the same.

74. In response to the allegations of Paragraph 74, Defendants admit only that NMDWS issued a monetary redetermination to Duran on August 4, 2020, finding that Duran was eligible to receive $461 in PUA benefits per week. All other allegations in Paragraph 74 are denied.

75. Defendants admit the allegations set forth in Paragraph 75.

76. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 76.

77. In response to the allegations of Paragraph 77, Defendants admit only that NMDWS issued a monetary redetermination to Duran on October 7, 2020. All other allegations in Paragraph 77 are denied.

78. Defendants admit the allegations set forth in Paragraph 78.

79. Defendants admit the allegations set forth in Paragraph 79.

80. In response to Paragraph 80, Defendants admit only that a redetermination was issued and a deduction was made as stated.  The remaining allegations set forth in Paragraph 80 are denied.

81. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 81 and, therefore, deny the same.

82. In response to the allegations of Paragraph 82, Defendants admit only that NMDWS stopped providing benefits to Duran in November 2020. All other allegations in Paragraph 82 are denied.

83. In response to the allegations of Paragraph 83, Defendants deny that the Final Notice of Collection Action—Pre-Warrant said that the Department would intercept "any" income tax refund that Mr. Duran might be due. The Notice actually said that Mr. Duran's "New Mexico income tax refund" would be intercepted. Defendants admit the remaining allegations set forth in Paragraph 83.

84. Defendants deny the allegations of Paragraph 84.

85. In response to the allegations of Paragraph 85, Defendants admit only that Duran reapplied for benefits in February 2021; however, Defendants lack sufficient knowledge or

information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 85 and, therefore, deny the same.

86. Defendants admit the allegations set forth in Paragraph 86.

87. In response to the allegations of Paragraph 87, Defendants admit only that NMDWS issued an "Information for Overpaid Claimants" letter to Duran on February 9, 2021. All other allegations in Paragraph 87 are denied, and strict proof is demanded thereof.

88. In response to the allegations of Paragraph 88, Defendants admit only that NMDWS began to deduct money from Duran's benefits to recover the overpayment on February 7, 2021; however, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 88 and, therefore, deny the same.

89. In response to the allegations of Paragraph 89, Defendants admit only that NMDWS issued a monetary redetermination to Duran on February 15, 2021, finding Duran was entitled to $169 in weekly PUA benefits, which redetermination speaks for itself. All other allegations of Paragraph 89 are denied, and strict proof is demanded thereof.

90. Defendants admit the allegations set forth in Paragraph 90.

91. Defendants admit the allegations set forth in Paragraph 91.

92. In response to the allegations of Paragraph 92, Defendants admit only that NMDWS issued a monetary redetermination to Duran on March 16, 2021, finding he was not entitled to regular benefits and that he owed an overpayment. All other allegations of Paragraph 92 are denied, and strict proof is demanded thereof.

93. Defendants admit the allegations set forth in Paragraph 93.

94. Defendants admit the allegations set forth in Paragraph 94.

95. Defendants admit the allegations set forth in Paragraph 95.

96. Defendants admit the allegations set forth in Paragraph 96.

97. Defendants admit the allegations set forth in Paragraph 97.

98. Defendants admit the allegations set forth in Paragraph 98.

99. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 99.

100. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 100 and, therefore, deny the same.

101. Defendants admit the allegations set forth in Paragraph 101.

102. Defendants admit the allegations set forth in Paragraph 102.

103. In response to the allegations of Paragraph 103, Defendants admit that NMDWS issued a notice to  Monica Fischetti Palmieri Williams ("Ms. Williams") on May 1, 2020, stating she was entitled to $169 per week in PUA benefits. Defendants admit that the notice stated Ms. Williams' gross wages for 2019 incorrectly. All other allegations in Paragraph 103 are denied.

104. Defendants admit the allegations set forth in Paragraph 104.

105. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 105 and, therefore, deny the same.

106. With respect to the allegations set forth in Paragraph 106, Defendants admit only that quarterly reapplication was a federal requirement which the Department was obligated to uphold. All other allegations in Paragraph 106 are denied.

107. Defendants admit the allegations set forth in Paragraph 107.

108. Defendants admit the allegations set forth in Paragraph 108.

109. In response to the allegations of Paragraph 109, Defendants admit only that NMDWS issued a monetary determination on February 9, 2021, finding Williams was still entitled to weekly PUA benefits. All other allegations in Paragraph 109 are denied.

110. Defendants admit the allegations set forth in Paragraph 110.

111. Defendants admit the allegations set forth in Paragraph 111.

112. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 112 and, therefore, deny the same.

113. Defendants admit the allegations set forth in Paragraph 113.

114. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 114 and, therefore, deny the same.

115. Defendants admit the allegations set forth in Paragraph 115.

116. Defendants admit the allegations set forth in Paragraph 116.

117. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 117 and, therefore, deny the same.

118. Defendants admit the allegations set forth in Paragraph 118.

119. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 119 and, therefore, deny the same.

120. In response to the allegations of Paragraph 120, Defendants admit only that Williams applied for a PUA overpayment waiver through NMDWS's online portal. All other allegations in paragraph 120 are denied is demand strict proof thereof.

121. Defendants admit the allegations set forth in Paragraph 121.

122. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 122 and, therefore, deny the same.

123. With respect to the allegations in Paragraph 123, Defendants admit that Ms. Williams requested a waiver in late June 2021 and was provided the opportunity to apply for one over the phone. The remainder of allegations in that paragraph are denied.

124. Defendants admits the allegations of Paragraph 124.

125. Defendants admit the allegations set forth in Paragraph 125.

126. Defendants admit the allegations set forth in Paragraph 126.

127. Defendants admit the allegations set forth in Paragraph 127.

128. Defendants admit the allegations set forth in Paragraph 128.

129. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 129 and, therefore, deny the same.

130. Defendants admit the allegations set forth in Paragraph 130.

131. With respect to the allegations in Paragraph 131, Defendants admit that Mr. Yildiz stated what he stated in his application for benefits, which speaks for itself, but deny that the Department "should have concluded that he was not eligible for regular unemployment benefits" as well as the existence of Section "51-5-7(A)" NMSA 1978. Defendants deny that every individual who voluntarily leaves a job is not eligible for regular unemployment benefits. Eligibility for regular benefits is determined through a fact-finding process. All other allegations set forth in Paragraph 131 are denied.

132. In response to the allegations of Paragraph 132, Defendants admit only that NMDWS sent Mr. Yildiz a monetary determination on March 26, 2020, which stated he was entitled to a weekly benefit amount of $132 based on his gross wages of $3,608.74 from Safetynet Works for the period of October 2018 through September 2019. Defendants lack sufficient knowledge or

information to form a belief as to the truth or falsity of the allegation that Yildiz did not

understand unemployment benefit eligibility and therefore deny same.

133. Defendants admit the allegations set forth in Paragraph 133.

134. Defendants admit the allegations set forth in Paragraph 134.

135. In response to the allegations of Paragraph 135, Defendants admit only that NMDWS

issued a notice of determination on May 5, 2020 that Mr. Yildiz was laid off due to lack of work.

All other allegations in Paragraph 135 are denied.

136. In response to the allegations of Paragraph 136, Defendants admit only that Yildiz

received a monetary redetermination that same day, stating he was eligible for regular

unemployment benefits based on his employment with Safetynet Works. Beyond that, the notice

speaks for itself. As to whether Mr. Yildiz understood the notices he received, Defendants lack

sufficient knowledge or information to form a belief as to the truth or falsity of that allegation,

and, therefore, deny the same.

137. With respect to the allegations in Paragraph 137, Defendants admit only that

quarterly reapplication was a federal requirement which the Department was obligated to uphold.

All other allegations in Paragraph 137 are denied.

138. Defendants admit the allegations set forth in Paragraph 138.

139. Defendants admit the allegations set forth in Paragraph 139.

140. In response to the allegations of Paragraph 140, Defendants admit only that Yildiz

reapplied for benefits on October 13, 2020, and listed only his employment for Uber. Defendants

lack sufficient knowledge or information to form a belief as to the truth or falsity of the

remaining allegations of Paragraph 140 and, therefore, deny the same.

141. Defendants admit the allegations set forth in Paragraph 141.

142. Defendants admit the allegations set forth in Paragraph 142.

143. Defendants admit the allegations set forth in Paragraph 143.

144. Defendants admit the allegations set forth in Paragraph 144.

145. Defendants admit the allegations set forth in Paragraph 145.

146. Defendants admit the allegations set forth in Paragraph 146.

147. In response to the allegations of Paragraph 147, Defendants admit only that NMDWS issued a monetary redetermination on February 15, 2021, stating that Yildiz did not qualify for the Federal State Extended Benefits he applied for and that the determination resulted in an overpayment. All other allegations in Paragraph 147 are denied, and strict proof is demanded thereof.

148. Defendants admit the allegations set forth in Paragraph 148.

149. Defendants admit the allegations set forth in Paragraph 149.

150. Defendants admit the allegations set forth in Paragraph 150.

151. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 151 and, therefore, deny the same.

152. Defendants admit the allegations set forth in Paragraph 152.

153. Defendants admit the allegations set forth in Paragraph 153.

154. Defendants admit the allegations set forth in Paragraph 154.

155. Defendants admit the allegations set forth in Paragraph 155.

156. Defendants admit the allegations set forth in Paragraph 156.

157. Defendants admit the allegations set forth in Paragraph 157.

158. Defendants admit the allegations set forth in Paragraph 158.

159. Defendants admit the allegations set forth in Paragraph 159.

160. Defendants admit the allegations set forth in Paragraph 160.

161. Defendants admit the allegations set forth in Paragraph 161.

162. Defendants admit the allegations set forth in Paragraph 162.

163. Defendants admit the allegations set forth in Paragraph 163.

164. Defendants admit the allegations set forth in Paragraph 164.

165. Defendants admit the allegations set forth in Paragraph 165.

166. In response to the allegations of Paragraph 166, Defendants admit only that NMDWS issued an "Information for Overpaid Claimants" letter to Yildiz on May 6, 2021, stating that he was owed $7,776.00 in overpaid benefits. All other allegations in Paragraph 166 are denied, and strict proof is demanded thereof.

167. Defendants admit the allegations set forth in Paragraph 167.

168. Defendants admit the allegations set forth in Paragraph 168.

169. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 169 and, therefore, deny the same.

170. Defendants admit the allegations set forth in Paragraph 170.

171. Defendants admit the allegations set forth in Paragraph 171.

172. Defendants admit the allegations set forth in Paragraph 172.

173. Defendants admit the allegations set forth in Paragraph 173.

174. Defendants admit the allegations set forth in Paragraph 174.

175. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 175 and, therefore, deny the same.

176. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations and opinions stated in Paragraph 176 and, therefore, deny the same.

177. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, conjecture and opinions stated in Paragraph 177 and, therefore, deny the same.

178. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the opinion stated in Paragraph 178 and, therefore, deny the same.

179. Defendants deny the allegations of Paragraph 179.

180. Defendants admit the allegations set forth in Paragraph 180.

181. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, conjecture and opinions stated in Paragraph 181 and, therefore, deny the same.

182. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 182 and, therefore, deny the same.

183. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 183 and, therefore, deny the same.

184. In response to the allegations of Paragraph 184, Defendants admit only that Coral Gonzalez-Inza ("Ms. Gonzalez-Inza") applied for unemployment benefits. Defendants lack sufficient knowledge or information as to the truth or falsity of the remaining allegations of Paragraph 184 and, therefore, deny the same.

185. Defendants admit the allegations set forth in Paragraph 185.

186. In response to the allegations of Paragraph 186, Defendants admit only that Ms. Gonzalez-Inza applied for PUA benefits and that on her application she noted that she was self-employed as an independent contractor and that her last job was on May 7, 2019. Defendants

lack sufficient knowledge or information as to the truth or falsity of the remaining allegations of Paragraph 186 and, therefore, deny the same.

187. Defendants admit the allegations set forth in Paragraph 187.

188. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 188 and, therefore, deny the same.

189. Defendants admit the allegations set forth in Paragraph 189.

190. In response to the allegations of Paragraph 190, Defendants deny that the "Notice of Determination" that Ms. Gonzalez-Inza received "was incorrect and misleading." All other allegations of Paragraph 190 are admitted.

191. Defendants admit the allegations set forth in Paragraph 191.

192. Defendants admit the allegations set forth in Paragraph 192 in so far as they describe what the monetary determination said. As to the correctness of what the determination said, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegation and, therefore, deny same.

193. In response to the allegations of Paragraph 193, Defendants admit only that Ms. Gonzalez-Inza began receiving PUA benefits on June 4, 2020, and that her benefits were backdated to the week ending March 28, 2020, for a lump sum of $6,380.00. Defendants lack sufficient knowledge or information as to the truth or falsity of the remaining allegations of Paragraph 193 and, therefore, deny the same.

194. Defendants admit the allegations set forth in Paragraph 194.

195. In response to the allegations of Paragraph 195, Defendants admit only that Ms. Gonzalez-Inza stopped receiving benefits after the week ending July 25, 2020. Defendants lack

sufficient knowledge or information as to the truth or falsity of the remaining allegations of Paragraph 195 and, therefore, deny the same.

196. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 196 and, therefore, deny the same.

197. In response to the allegations of Paragraph 197, Defendants admit only that Ms. Gonzalez-Inza reapplied for unemployment benefits in January 2021. Defendants lack sufficient knowledge or information as to the truth or falsity of the remaining allegations of Paragraph 197 and, therefore, deny the same.

198. Defendants admit the allegations set forth in Paragraph 198.

199. In response to the allegations of Paragraph 199, Defendants admit only that Ms. Gonzalez-Inza received a lump sum payment of $3,376.00 in PUA benefits for the previous eight weeks starting with the week ending January 2, 2021. Defendants lack sufficient knowledge or information as to the truth or falsity of the remaining allegations of Paragraph 199 and, therefore, deny the same.

200. Defendants admit the allegations set forth in Paragraph 200.

201. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 201 and, therefore, deny the same.

202. In response to the allegations of Paragraph 202, Defendants admit only that Ms. Gonzalez-Inza received $422 per week in PUA benefits for the weeks ending February 27, March 6, and March 13, 2021. Defendants lack sufficient knowledge or information as to the truth or falsity of the remaining allegations of Paragraph 202 and, therefore, deny the same.

203. In response to the allegations of Paragraph 203, Defendants admit only that Gonzalez-Inza received a monetary redetermination on March 18, 2021, awarding her $169 per

week in PUA benefits, plus $300 per week in FPUC benefits. Defendants further admit that the notice indicated that the redetermination was based on self-employment wages for the period of January 2019 to December 2019. However, Defendants lack sufficient knowledge or information as to the truth or falsity of the remaining allegations of Paragraph 203 and, therefore, deny the same.

204. Defendants admit the allegations set forth in Paragraph 204.

205. In response to the allegations of Paragraph 205, Defendants admit only that Ms. Gonzalez-Inza received $844 in PUA benefits for the weeks April 3, 2021 and April 10, 2021. However, Defendants lack sufficient knowledge or information as to the truth or falsity of the remaining allegations of Paragraph 205 and, therefore, deny the same.

206. In response to the allegations of Paragraph 206, Defendants deny only that Ms. Gonzalez-Inza did not timely receive her PUA weekly payment for the week ending June 5, 2021. All other allegations in Paragraph 206 are admitted.

207. In response to the allegations of Paragraph 207, Defendants admit only that on June 11, 2021, Gonzalez-Inza filled out a form that NMDWS sent her regarding her work searches and that she indicated on the form that she was not looking for work because of a temporary plant shutdown. Defendants lack sufficient knowledge or information as to the truth or falsity of the remaining allegations of Paragraph 207 and, therefore, deny the same.

208. Defendants admit the allegations set forth in Paragraph 208.

209. Defendants admit the allegations set forth in Paragraph 209.

210. In response to the allegations of Paragraph 210, Defendants admit only that Gonzalez-Inza stopped certifying for benefits. Defendants lack sufficient knowledge or

information as to the truth or falsity of the remaining allegations of Paragraph 210 and, therefore, deny the same.

211. Defendants admit the allegations set forth in Paragraph 211.

212. Defendants admit the allegations set forth in Paragraph 212.

213. Defendants admit the allegations set forth in Paragraph 213.

214. Defendants admit the allegations set forth in Paragraph 214.

215. Defendants admit the allegations set forth in Paragraph 215.

216. Defendants admit the allegations set forth in Paragraph 216.

217. Defendants admit the allegations set forth in Paragraph 217.

218. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 218 and, therefore, deny the same.

219. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 219 and, therefore, deny the same.

220. Defendants admit the allegations set forth in Paragraph 220.

221. Defendants admit the allegations set forth in Paragraph 221.

222. Defendants admit the allegations set forth in Paragraph 222.

223. In response to the allegations of Paragraph 223, Defendants admit only that NMDWS issued an "Overpayment Waiver Consideration Notice" on May 5, 2022, stating that Ms. Gonalez-Inza could apply for a waiver of her overpayment if she received benefits through any of the federal pandemic programs. Defendants lack sufficient knowledge or information as to the truth or falsity of the remaining allegations of Paragraph 223 and, therefore, deny the same.

224. Defendants admit the allegations set forth in Paragraph 224.

225. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 225 and, therefore, deny the same.

226. Defendants admit the allegations set forth in Paragraph 226.

227. Defendants admit the allegations set forth in Paragraph 227.

228. Defendants admit the allegations set forth in Paragraph 228.

229. In response to the allegations of Paragraph 229, Defendants admit only that NMDWS issued a second monetary redetermination on March 30, 2020, stating that Mr. Gerges was not eligible because he had not earned sufficient wages in his base period. Defendants also admit that the allegations correctly state what information was included on the determination form; however, Defendants lack sufficient knowledge or information as to the truth or falsity of whether Yohanna Gerges ("Mr. Gerges") worked for Propak Logistics, Inc. in 2017, and therefore, deny the same.

230. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 230 and, therefore, deny the same.

231. Defendants admit the allegations set forth in Paragraph 231.

232. In response to the allegations of Paragraph 232, Defendants admit only that NMDWS issued a monetary determination on April 28, 2020, stating Gerges was eligible to receive $461 in PUA benefits for as long as he was unemployed due to Covid-19 up until December 26, 2020. Defendants further admit the allegation accurately states the information that was on the determination; however, Defendants lack sufficient knowledge or information as to the truth or falsity of the remaining allegations and, therefore, deny the same.

233. In response to the allegations of Paragraph 233, Defendants admit only that NMDWS issued a monetary redetermination on May 13, 2020, making the same determination. All other allegations in Paragraph 233 are denied.

234. In response to Paragraph 234, Defendants admit only that quarterly reapplication was a federal requirement which the Department was obligated to uphold. All other allegations in Paragraph 234 are denied.

235. Defendants admit the allegations set forth in Paragraph 235.

236. Defendants admit the allegations set forth in Paragraph 236.

237. Defendants admit the allegations set forth in Paragraph 237.

238. Defendants admit the allegations set forth in Paragraph 238.

239. Defendants admit the allegations set forth in Paragraph 239.

240. Defendants admit the allegations set forth in Paragraph 240.

241. Defendants admit the allegations set forth in Paragraph 241.

242. Defendants admit the allegations set forth in Paragraph 242.

243. Defendants admit the allegations set forth in Paragraph 243.

244. Defendants admit the allegations set forth in Paragraph 244.

245. Defendants admit the allegations set forth in Paragraph 245.

246. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 246 and, therefore, deny the same.

247. Defendants admit the allegations set forth in Paragraph 247.

248. Defendants admit the allegations set forth in Paragraph 248.

249. Defendants admit the allegations set forth in Paragraph 249, although the determinations said the 16 issues "may" not "might" affect his eligibility for benefits, as stated in the paragraph.

250. Defendants admit the allegations set forth in Paragraph 250.

251. Defendants admit the allegations set forth in Paragraph 251.

252. Defendants admit the allegations set forth in Paragraph 252.

253. Defendants admit the allegations set forth in Paragraph 253.

254. Defendants admit the allegations set forth in Paragraph 254.

255. Defendants admit the allegations set forth in Paragraph 255.

256. Defendants admit the allegations set forth in Paragraph 256.

257. Defendants admit the allegations set forth in Paragraph 257.

258. Defendants admit the allegations set forth in Paragraph 258.

259. Defendants admit the allegations set forth in Paragraph 259.

260. Defendants admit the allegations set forth in Paragraph 260.

261. Defendants admit the allegations set forth in Paragraph 261.

262. Defendants admit the allegations set forth in Paragraph 262.

263. Defendants admit the allegations set forth in Paragraph 263.

264. Defendants admit the allegations set forth in Paragraph 264.

265. Defendants admit the allegations set forth in Paragraph 265.

266. Defendants admit the allegations set forth in Paragraph 266.

267. Defendants admit the allegations set forth in Paragraph 267.

268. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 268 and, therefore, deny the same.

269. The allegations contained in Paragraph 269 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the Defendants deny the allegations.

270. The allegations contained in Paragraph 270 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the Defendants deny the allegations.

271. The allegations contained in Paragraph 271 of the Complaint are general statements about the Plaintiffs to which no response is required. To the extent a response is required, the Defendants deny the allegations.

272. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 272 and, therefore, deny the same.

273. Defendants deny the allegations set forth in Paragraph 273.

274. Defendants deny the allegations set forth in Paragraph 274.

275. Defendants deny the allegations set forth in Paragraph 275.

276. Defendants deny the allegations set forth in Paragraph 276.

277. Defendants deny the allegations set forth in Paragraph 277.

278. Defendants deny the allegations set forth in Paragraph 278.

279. The allegations contained in Paragraph 279 of the Complaint require no response. To the extent a response is required, the Defendants deny the allegations.

280. Defendants deny the allegations set forth in Paragraph 280.

281. The allegations contained in Paragraph 281 of the Complaint require no response. To the extent a response is required, the Defendants deny the allegations.

282. Defendants deny the allegations set forth in Paragraph 280.

283. The allegations contained in Paragraph 283 of the Complaint require no response. To the extent a response is required, the Defendants deny the allegations.

284. The allegations contained in Paragraph 284 of the Complaint require no response. To the extent a response is required, the Defendants deny the allegations.

285. Defendants deny the allegations set forth in Paragraph 285.

286. The allegations contained in Paragraph 286 of the Complaint require no response. To the extent a response is required, the Defendants deny the allegations.

287. Defendants deny the allegations set forth in Paragraph 287.

288. The allegations contained in Paragraph 288 of the Complaint require no response. To the extent a response is required, the Defendants deny the allegations.

289. The allegations contained in Paragraph 289 of the Complaint require no response. To the extent a response is required, the Defendants deny the allegations.

290. The allegations contained in Paragraph 290 of the Complaint require no response. To the extent a response is required, the Defendants deny the allegations.

291. Defendants deny the allegations set forth in Paragraph 291.

292. The allegations contained in Paragraph 292 of the Complaint require no response. To the extent a response is required, the Defendants deny the allegations.

293. The allegations contained in Paragraph 293 of the Complaint require no response. To the extent a response is required, the Defendants deny the allegations.

294. The allegations contained in Paragraph 294 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the Defendants deny the allegations.

295. The allegations contained in Paragraph 295 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the Defendants deny the allegations.

296. Defendants admit the allegations set forth in Paragraph 296.

297. The allegations contained in Paragraph 297 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the Defendants deny the allegations.

298. Defendants deny the allegations contained in Paragraph 298 and subparagraphs A through J.

299. The allegations contained in Paragraph 299 of the Complaint require no response. To the extent a response is required, the Defendants deny the allegations.

300. The allegations contained in Paragraph 300 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the Defendants deny the allegations.

301. The allegations contained in Paragraph 301 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the Defendants deny the allegations.

302. The allegations contained in Paragraph 302 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the Defendants deny the allegations.

303. The allegations contained in Paragraph 303 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the Defendants deny the allegations.

304. Defendants deny the allegations set forth in Paragraph 304.

305. Defendants deny the allegations set forth in Paragraph 305.

306. Defendants deny the allegations set forth in Paragraph 306.

307. The allegations contained in Paragraph 307 of the Complaint require no response. To the extent a response is required, the Defendants deny the allegations.

308. The allegations contained in Paragraph 308 of the Complaint require no response. To the extent a response is required, the Defendants deny the allegations.

309. The allegations contained in Paragraph 309 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the Defendants deny the allegations.

310. The allegations contained in Paragraph 310 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the Defendants deny the allegations.

311. Defendants admit the allegations contained in Paragraph 311.

312. The allegations contained in Paragraph 312 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 312, including all of its subparagraphs.

313. The allegations contained in Paragraph 313 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the Defendants deny the allegations.

314. Defendants deny the allegations set forth in Paragraph 314.

315. The allegations contained in Paragraph 315 of the Complaint require no response. To the extent a response is required, the Defendants deny the allegations.

316. Defendants admit the allegations set forth in Paragraph 316.

317. Defendants deny the allegations set forth in Paragraph 317.

318. Defendants admit the allegations set forth in Paragraph 318.

319. Defendants admit the allegations set forth in Paragraph 319.

320. Defendants deny the allegations set forth in Paragraph 320 and subparagraphs A through F.

321. The allegations contained in Paragraph 321 of the Complaint require no response. To the extent a response is required, the Defendants deny the allegations.

322. The allegations contained in Paragraph 322 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the Defendants deny the allegations.

323. Defendants deny the allegations set forth in Paragraph 323.

324. Defendants admit the allegations set forth in Paragraph 324.

325. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 325 and, therefore, deny the same.

326. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 326 and, therefore, deny the same.

327. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 327 and, therefore, deny the same.

328. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 328 and, therefore, deny the same.

329. Defendants deny the allegations set forth in Paragraph 329 and demand strict proof thereof.

330. Paragraphs A through T of the Plaintiffs' prayer for relief are not factual allegations and therefore require no response. To the extent that any response is required, however, Defendants deny the Plaintiffs' requested relief in its entirety.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred because they failed to exhaust their administrative remedies.

3. Plaintiffs' claims are barred by operation of an Act of God, to-wit, the COVID-19 pandemic which prevented or hindered Defendants in the performance of their obligations.

4. Plaintiffs' claims are barred by the doctrine of impossibility of performance.

5. Plaintiffs' claims are barred due to lack of privity of contract.

6. Plaintiffs' claims are barred by failure of a condition precedent.

7. Plaintiffs' claims are barred by the unclean hands doctrine.

8. Plaintiffs' claims are barred by the doctrine of unjust enrichment.

9. Plaintiffs' claims are barred by the doctrine of laches.

10. Plaintiffs' claims are barred because of governmental and sovereign immunity. The New Mexico Legislature has not waived sovereign immunity to liability for monetary damages caused by the intentionally tortious conduct and state constitutional violations alleged in Counts IV-VI, and thus, the Individual Defendants are immune from liability pursuant to the New Mexico Tort Claims Act, NMSA (1978), § 41-4-4.

11. With respect to the intentional and constitutional torts, Plaintiffs failed to comply with the 90-day notice requirement of the New Mexico Tort Claims Act, NMSA (1978), § 41-4-16 and, as a result, are barred from pursuing these claims.

12. Plaintiffs' claims are barred because of public official immunity. Individual Defendants are entitled to qualified immunity on Plaintiff's claims.

13. Plaintiffs' claims of harm or damages, if any, are the result of Plaintiffs' own acts or omissions or the acts or omissions of other, unnamed defendants for whom Defendants have not consented and do not now consent to be liable.

14. To the extent Plaintiffs have incurred any harm or damages, Plaintiffs have failed to mitigate their damages.

15. By their own acts or omissions, Plaintiffs have prevented Defendants from performing as they would have to prevent harm to plaintiffs.

16. Plaintiff has failed to state a claim for relief based on a taking and for deprivation of procedural due process and as a result, these claims are subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

17. To the extent any plaintiff, representative, or member still owes money to Defendants, Defendants are entitled to offset such sums as applicable against any award granted to plaintiffs.

18. Plaintiffs' claims are barred because they are contrary to public policy.

19. Plaintiffs lack standing to bring this action. Plaintiffs' members have not suffered an "injury in fact" and cannot establish the injury of which they complain was caused by the Defendants' actions and as a result, none of Plaintiffs' individual members would have standing to pursue the claims on their own. Plaintiffs therefore lack associational standing to pursue such claims on behalf of its members.

Defendants reserve the right to assert additional defenses, affirmative or otherwise, as discovered through the course of this litigation and when appropriate.

**WHEREFORE**, having fully answered the allegations of the Plaintiffs' *Class Action Complaint for Violations of Civil Rights and for Declaratory and Injunctive Relief*, Defendants pray that the Complaint be dismissed, with prejudice and in its entirety; that judgment be entered against the Plaintiffs and in favor of the Defendants for all costs and attorney's fees incurred in defending this action; and that Defendants be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,
NEW MEXICO DEPARTMENT
OF WORKFORCE SOLUTIONS


*/s/ Andrea Christman*
Andrea Christman
Post Office Box 1928
Albuquerque, NM 87103
(505) 841-8478

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 19, 2023, true and correct copies of the foregoing Defendants' Answer to Class Action Complaint for Violations of Civil Rights and for Declaratory Injunctive Relief was filed through the New Mexico E-Filing system causing all parties of record to be served through electronic means and served on the parties indicated below by mail:

Sovereign Hager
Stephanie Welch
Felipe Guevara
New Mexico Center on Law and Poverty
301 Edith Blvd. NE
Albuquerque, NM 87102
(505) 255-2840
sovereign@nmpovertylaw.org
stephanie@nmpovertylaw.org
felipe@nmpovertylaw.org
*Attorneys for Plaintiffs*

-And-

Laura Schauer Ives
Adam C. Flores
Alyssa Quijano
Henry A. Jones
Martha E. Mulvany
Ives & Flores PA
925 Luna Circle NW
Albuquerque, NM 87102
adam@nmcivilrights.com
martha@nmcivilrights.com
*Attorneys for Plaintiffs*

*/s/ Natasha Jackson*
**Natasha Jackson, Paralegal**